# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| PEGGY M. MADDOX, | CIVIL ACTION FILE NO. |
| Plaintiff, | _____ |
| v. | |
| AT&T MOBILITY LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff Peggy M. Maddox, by and through her undersigned counsel, and hereby brings this action against Defendant AT&T Mobility LLC.

## NATURE OF THE ACTION

1.      This action is brought under the Americans With Disabilities Act of 1991, 42 U.S.C. § 12101, et seq. ("ADA"), to redress Defendant AT&T Mobility LLC's ("AT&T") unlawful employment practices of disability discrimination.

## JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1337, and 1343.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local rule 3.1(B)(3) in the Rome Division of the Northern District of Georgia because (1) a

1

substantial part of the events and omissions giving rise to the claim occurred within this District and Division and (2) Defendant AT&T resides and transacts business in this District and Division.

4.   Throughout Plaintiff Maddox's employment, Defendant AT&T qualified as an employer within the meaning of 42 U.S.C. §§ 12111(a) and 5(A) because it was engaged in an industry affecting interstate commerce and had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current and/or preceding calendar year.

5.   At all times relevant, Defendant AT&T acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

## ADMINISTRATIVE EXHAUSTION

6.   Plaintiff Maddox has satisfied all procedural and administrative requirements set forth in 42 U.S.C. § 12102, et seq. by:

a. On or about November 11, 2009, Plaintiff filed a timely Charge alleging disability discrimination with the Equal Employment Opportunity Commission ("EEOC"). On April 26, 2012, Plaintiff filed an Amended Charge of Discrimination. The amendment included allegations of retaliation, which arose out of the conduct, transaction, and/or occurrence set out in the original Charge.

b. Plaintiff received a Notice of Right to Sue from the EEOC on or about May 22, 2012.

c. This action was filed within ninety (90) days of receipt of EEOC's Notice of Right to Sue.

## PARTIES

7. Plaintiff Maddox is a citizen of Georgia who resides in Polk County, Georgia.

8. Defendant AT&T is a limited liability foreign company with its principal office address located at 1025 Lenox Park Blvd, N.E., Atlanta, Georgia 30319.

9. Defendant AT&T Mobility LLC is a wholly owned subsidiary of AT&T Inc., an American multinational telecommunications corporation.

10. Defendant AT&T may be served with process by delivering a copy of the Complaint and Summons to its registered agent, CT Corporation System, located at 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

## FACTUAL BACKGROUND

11. Plaintiff Maddox was employed by Defendant as a call-center representative and off-line case worker from September 04, 2007 through April 09, 2010.

12. Defendant AT&T is the second largest telecommunications provider in the United States and Puerto Rico, with over 103 million subscribers.

13. In Plaintiff's capacity as a call-center representative, Plaintiff Maddox was tasked with the following duties: (i) handling customer questions, complaints, and billing inquires; (ii) assisting new customers handle business transactions; (iii) communicating with customers using web-based tools; (iv) improving customer retention through customer programs and services; and (v) processing customer purchases of AT&T products and services.

14. During the course of her employment with Defendant, Plaintiff Maddox suffered from Type II insulin-dependent diabetes, hypoglycemia, glaucoma, high blood pressure, and Peripheral Artery Disease, all of which required reasonable accommodations.

15. Plaintiff Maddox at all times relevant was disabled within the meaning of the ADA, had physical impairments that substantially limited one or more major life activities, had a history of such impairments and was regarded as having such impairments.

16. As a consequence of Maddox's physical impairments, she requested reasonable accommodations in the form of (I) an ergonomic chair and desk; (II) a computer screen magnifier; and (III) permission to take frequent bathroom breaks.

17. Absent reasonable accommodations, Ms. Maddox was substantially limited in her ability to walk, stand, see, work, think, and care for herself.

18. Defendant was aware of Plaintiff Maddox's medical conditions.

19. Defendant failed to make existing facilities used by other AT&T employees readily accessible to and usable, failed to modify equipment and devises, and failed to make other similar accommodations for Ms. Maddox.

**I.     Ergonomic Chair.**

20. In December 2008, Plaintiff Maddox underwent extensive shoulder surgery.

21. In February 2009, Maddox faxed materials to "time-off manager" Lynn Gentry that documented her surgery and the need for accommodations.

22. After four (4) months of bed-rest, Plaintiff Maddox returned to work on or about March 23, 2009.

23. On or about March 23, 2009, Plaintiff Maddox provided various documentation, doctor notes, and medical forms sufficiently informing Defendant of Maddox's medical conditions and the necessity for reasonable accommodations.

24. On or about March 26, 2009, Defendant accommodated Maddox by providing an ergonomic chair and desk.

25. On or about March 29, 2012, the ergonomic chair was removed and/or taken from Maddox's desk.

26. On or about March 29, 2009, Maddox complained to area manager Karen Casper, who responded by saying: Oh well, go look for it.

27. Ms. Maddox made repeated requests that Defendant (1) assist her in finding the lost chair and/or (2) provide her a replacement ergonomic chair.

28. On or about October 21, 2009, during a meeting with manager Beth Hendrickson, Maddox informed Hendrickson that her performance was negatively affected by the absence of reasonable accommodations. Hendrickson responded antagonistically, exclaiming: you should quit your job.

29. Ms. Maddox's requests for accommodation remained unanswered until on or about October 29, 2009.

30. Defendant failed to accommodate Maddox in a timely manner.

**II.    Computer Screen Magnifier.**

31. In August 2009, Maddox's glaucoma and accompanying cataracts impaired her ability to view text, numbers, and documents on her computer screen.

32. Without a computer screen magnifier that enlarged the contents of her screen, Maddox could not properly view the screen's content.

33. On August 1, 2009, Maddox verbally (1) informed then manager Max Dean of her disability and (2) requested a computer screen magnifier.

34. After one (1) month passed without Defendant providing a reasonable accommodation, Ms. Maddox verbally requested from manager Sherry Whorton a computer screen magnifier.

35. Even after the passage of two more months, Defendant still had not provided Maddox her requested reasonable accommodation.

36. On or about October 21, 2009, for a third time, Maddox made a request for a reasonable accommodation to manager Hendrickson. When Hendrickson failed to provide the reasonable accommodation, Maddox requested the accommodation a fourth time from manager Whorton.

37. Neither manager Dean, Whorton, nor Hendrickson discussed or engaged in a good faith interactive process with Maddox to identify an effective and reasonable accommodation and/or explain the delay in providing a reasonable accommodation.

38. On or about November 14, 2009, three months after her initial request, Defendant provided Maddox a computer screen magnifier.

39. The computer screen magnifier that Defendant provided was wholly inadequate and in no way reasonably accommodated Maddox's disability.

40. The computer screen magnifier neither remained on the computer monitor nor did it adequately magnify the monitor's content so that Maddox could properly view text.

41. The computer screen magnifier failed to cover some or all portions of Maddox's computer monitor, which meant that some content remained unmagnified.

42. At all times relevant, Defendant accommodated other employees afflicted with similar vision impairments by providing a computer program that magnified and/or altered how text was presented on a computer screen.

43. At all times relevant, Defendant refused to accommodate Maddox by installing a program that magnified the contents of her computer screen.

44. At all times relevant, Defendant accommodated employees afflicted with similar vision impairments by providing mounted screen magnifiers.

45. Despite the fact that various other computers in the call-center have mounted computer screen magnifiers, Defendant refused to provide one to Maddox.

46. When Maddox asked whether an employee in Defendant's Information Technology department could assist Ms. Maddox, manager Whorton quipped: this is your vision screen, you fix it.

47. Maddox could not adequately view the contents on her computer as a result of her disability. She could have viewed the contents had she been provided a mounted vision screen.

### III. **Bathroom Breaks.**

48.  Maddox was diagnosed with Type II insulin-dependent diabetes in 1994, and as a result takes frequent bathroom breaks.

49.  Until February 17, 2012, Maddox was allowed to take as many bathroom breaks as her disability required.

50.  At all times relevant, Maddox was prescribed medication related to her diabetes, many of which have a single, common side effect: frequent urination.

51.  At all times relevant, Maddox's diabetes was controlled through the use of insulin injections.

52.  Maddox's condition requires her to inject herself with insulin four (4) times a day.

53.  On February 17, 2010, manager Sherry Whorton informed Maddox that she could no longer take bathroom breaks, thereby removing Maddox's existing accommodation.

54.  In response to manager Whorton's statement, Maddox stated that (1) she had a medical problem; (2) her prescription medications caused her to urinate frequently; and (3) that she must take frequent bathroom breaks, just as she had done thorough her employment with Defendant.

55.  Defendant refused to accommodate Maddox by allowing her to take bathroom breaks to urinate.

56. Defendant refused to accommodate Maddox by allowing her to take bathroom breaks to inject herself with insulin.

## COUNT: ADA DISABILITY DISCRIMINATION
## (42 U.S.C. § 12101, *et seq*.)

57. Ms. Maddox incorporates by reference the allegations contained in paragraphs 1 through 56 as if fully restated.

58. Throughout her tenure at AT&T, Maddox experienced discrimination on the basis of her disability, and denials or unreasonable delays in obtaining reasonable accommodations for her disability.

59. The acts and omissions of AT&T constitute discrimination on the basis of disability, in violation of 42 U.S.C. § 12101, et seq.

60. Plaintiff Maddox is a qualified individual with a disability within the meaning of the ADA.

61. Plaintiff Maddox was terminated because of her disability and record of disability in violation of Section 102(a) of the ADA.

62. Defendant's failure to accommodate Maddox in a timely manner was motivated by discriminatory intent.

63. Defendants denied employment opportunities to Maddox because of her disability/record of disability and/or perceived disability and the need to make reasonable accommodations to Maddox's known physical limitations.

64. Defendant's actions of (1) terminating Plaintiff Maddox, (2) denying her employment opportunities, (3) refusing to discuss in an interactive manner ways to resolve Maddox's requests for accommodations; and (4) failing to make reasonable accommodations to Maddox's known physical limitations were undertaken with a reckless indifference to her federally protected right to be employed without regard to her disability.

65. As a direct result of Defendant's discriminatory conduct and disability based harassment, Maddox gained sixty-eight (68) pounds, experienced severe emotional distress, and loss of consortium.

66. As a direct result of Defendant's discriminatory actions in violation of the ADA, Maddox has lost wages and other economic benefits of her employment with Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Maddox respectfully prays that this Court:

a. Enter judgment declaring Defendant's actions to be unlawful and in violation of the Americans With Disabilities Act;

b. Order Defendant reinstate Maddox and provide accumulated seniority, fringe benefits and all other rights;

c. Order Defendant compensate Maddox for the full value of wages she would have received had it not been for Defendant's illegal treatment of Maddox, with interest from the date of discrimination;

d. Order Defendant reimburse Maddox for lost pension, social security, training opportunities and other benefits;

e. Award Maddox compensatory damages as a result of Defendant's violations of the Americans With Disability Act;

f. Award Maddox punitive damages as a result of Defendant's violations of the Americans With Disability Act;

g. Award Maddox costs and expenses of this litigation and reasonable attorneys' fees;

h. Award pre-judgment and post-judgment interest;

i. Grant a trial by jury as to all issues; and

j. Grant Maddox additional relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Maddox demands a jury trial on all issues triable by a jury.

**RESPECTFULLY SUBMITTED**:   August 17, 2012

| | |
|---|---|
| **MAYS & KERR LLC** | /s/ Viraj Parmar |
| 229 Peachtree Street NW | Viraj Parmar |
| International Tower \| Suite 980 | Ga. Bar No. 996884 |
| Atlanta, GA 30303 | viraj@maysandkerr.com |
| Telephone:  (404) 410-7998 | |
| Facsimile:   (877) 813-1845 | John L. Mays |
| | Ga. Bar No. 986574 |
| Attorneys for Plaintiff | john@maysandkerr.com |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, counsel hereby certify that this Complaint and Demand for Jury Trial has been prepared using Times New Roman 14 point font, as approved by Local Rule 5.1C.

**THIS** <u>17th</u> day of August, 2012

<u>/s/ Viraj Parmar</u><br>
Viraj Parmar<br>
Ga. Bar No. 996884